■ 135 WEST 36TH LLC et al., Respondents, v WORLD CITY AMERICA INC. et al., Defendants, and CHARLES GALLAGHER et al., Appellants. [824 NYS2d 265]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 11, 2005, which, inter alia, granted plaintiffs' motion for summary judgment, and denied defendants' cross motion for summary judgment, disqualification of plaintiffs' attorney and sanctions, unanimously affirmed, with costs.

The subject agreements clearly contemplate one $350,000 payment as urged by plaintiffs, not two as urged by defendants. Even if an ambiguity in this regard were created by the differences in the payees in the two agreements, parol evidence shows that defendants' attorney expressly acknowledged defendants' indebtedness, and that it was only after the action was commenced that defendants claimed that they mistakenly believed that two separate payments of $350,000 had been made. Defendants' claim that one of them was unethically contacted by plaintiffs' attorney should be addressed in the first instance to the Disciplinary Committee. If there were a disciplinary violation, the likely remedies, suppression of the alleged conversations and the attorney's disqualification (*see Matter of Weinberg*, 129 AD2d 126 [1987], *rearg denied* 132 AD2d 190 [1987], *lv dismissed* 71 NY2d 994 [1988]), would have no effect on the finding that the agreements, as a matter of law, call for only one $350,000 payment. Defendants' request that certain language in the motion court's oral decision be stricken from the record should be addressed in the first instance to the motion court. To the extent defendants argue that the death of one them, after the order on appeal was settled and signed but before it was filed, rendered entry of the order null and void, the argument lacks merit (CPLR 5016 [d]). To the extent defendants challenge the validity of other proceedings taken after such death

and before appointment of an executor, it is not clear what proceedings were taken. The only order before the Court is that on appeal. Concur—Buckley, P.J., Mazzarelli, Nardelli, Catterson and Malone, JJ.